UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. CR19-203-RSM |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER DENYING DEFENDANT'S |
| ) | MOTION TO REOPEN DETENTION |
| KARISSA JEAN MASON, ) | HEARING |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Karissa Jean Mason was indicted a charge of Conspiracy to Distribute Controlled Substances on October 17, 2019. (Dkt. 1.) Defendant is represented by Jeffrey L. Kradel. Following a detention hearing on October 28, 2019, the defendant was ordered released on an appearance bond. (Dkt. 112, 113.)

On December 17, 2019, defendant's pretrial services officer filed a report alleging defendant violated the conditions of her appearance bond by using methamphetamine on November 5, 13, and 20, failing to engage in substance abuse treatment since on or about December 3, 2019, failing to obtain a substance abuse evaluation on or about October 29, 2019, failing to abide by her curfew on November 2, 16, and 18, 2019, and committing the crime of

ORDER DENYING MOTION
TO REVIEW DETENTION HEARING
PAGE -1

driving while under the influence on December 16, 2019. The pretrial services officer also reported a drug detection K-9 alerted to the presence of drugs in defendant's vehicle when she was arrested on December 16, 2019, and charges were pending in Everett District Court. (Dkt. 198, 199, 243(Ex. 1).). Defendant admitted alleged violations 1-4 and alleged violation 5 was withdrawn. Defendant's bond was revoked and she was remanded to the custody of the Federal Detention Center. (Dkt. 201, 202, 204, 205.)

Defendant moves this Court to reopen the detention order and set conditions of Release. (Dkt. 241.) The government has filed a response in opposition to the motion. (Dkt. 243.) Pretrial Services also opposes release. Judge Martinez has referred the motion to the undersigned Magistrate Judge. The Court finds this motion appropriate for resolution without oral argument or an evidentiary hearing.

Defendant moves to reopen the hearing based on 18 U.S.C. § 3145(f)(2), which provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id.* Defendant moves in the alternative for emergency release under 18 U.S.C. §3142(i). Specifically, defendant argues the COVID-19 virus pandemic poses a unique risk for incarcerated persons, causing face-to-face meetings between clients and their attorneys could endanger those persons, as well as correctional staff and families. Attorney-client visits are limited to phone calls, which puts restrictions on the attorney-client relationship in a way that would not be present outside the custodial setting. Defendant requests release on home monitoring, designating her

parents as third-party custodians.

The government opposes release, noting an absence of known COVID-19 cases at the FDC, and the preparations taken by staff at the facility to prevent an outbreak and to be prepared to address such cases that might arise. The government argues defendant has failed to establish a basis for reopening the detention order, has failed to show any change in the factors that establish a risk of flight or danger to the community. 18 U.S.C. §3142(e)(1). The government further argues nothing about the COVID-19 pandemic materially changes defendant's incentives to flee or mitigate the danger she poses to others and, in fact, these factors may be heightened given the demand on community and law enforcement resources fighting the COVID-19 virus.

The Court assumes without finding, for purposes of this order, that defendant has satisfied the requirements of 18 U.S.C. §§ 3142(f) for reopening the detention order. However, the Court finds defendant has not made a persuasive case for release, or for temporary release under 18 U.S.C. §3142(i). Defendant was initially released by this Court under stringent conditions of supervision that included, *inter alia,* location monitoring, drug testing and treatment and the requirement that she have no new law violations. She now asks for release at a time that that she would be entering the community with minimal supervision and and a lack of readily available treatment options. Defendant has an extensive criminal history that includes multiple instances of failure to appear. She is charged with committing a new law violation—driving while under the influence—while previously released on this Court's appearance bond. Defendant has not shown that she will be compliant on supervision with fewer resources devoted to assuring that compliance. Nor has defendant shown the presence

of any special factors that justify releasing her from custody because of the COVID-19 pandemic.

Defendant's Emergency Motion to Reopen Detention Hearing is DENIED.

DATED this 1st day of April, 2020.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING MOTION
TO REVIEW DETENTION HEARING
PAGE -4